### WETTER *vs.* CAMPBELL.

[This case was argued at the last term and the decision reserved.]

1. The jurisdiction of justices of the peace to abate nuisances extends to all such as are detrimental to the citizens in general other than those specially excepted.
2. The verdict is supported by the testimony.

*Certiorari.* Nuisance. Jurisdiction. Before Judge TOMP-KINS. At Chambers. Chatham County. February 3, 1877.

Campbell filed his petition to abate a nuisance alleged to be caused by Wetter. The body of the declaration was as follows :

" The said Augustus P. Wetter has erected a certain dam, which has caused a backing of the waters of said Deep Creek in and upon the lands of your petitioner, causing said lands

to be overflowed to the depth of four or five feet, destroying the growing crops of rice, and preventing further cultivation, tending to the immediate annoyance of the citizens in general, and working hurt, damage and inconvenience to your petitioner."

The proceedings to try the question of the existence of the nuisance were had under section 4094 of the Code. At the hearing, defendant moved to dismiss the case on the ground that the allegations did not bring it within §4094, and the justices had no jurisdiction thereof. The motion was overruled.

For the other facts of this case see the decision.

JOHN M. GUERARD, for plaintiff in error.

P. W. MELDRIM, for defendant.

WARNER, Chief Justice.

This case came before the court below on a *certiorari* to the proceedings had before two justices of the peace to abate an alleged nuisance under the provisions of the 4094th section of the Code. On the trial of the case the jury found a verdict in favor of the plaintiff. The defendant filed his petition for *certiorari*, alleging that certain specified errors were committed on the trial before the justices, which was sanctioned and came on to be heard in the superior court, when the judgment of the justices was sustained, and the *certiorari* dismissed. Whereupon the plaintiff in *certiorari* excepted.

The nuisance complained of was the erection of a dam by the defendant across " Deep Creek," in the county of Bryan, whereby the water in rainy weather was made to flow back upon the land of the plaintiff and others, located at a place known as "Port Royal," in said county, causing said lands to be overflowed to the depth of four or five feet, destroying the growing crops of rice, and preventing further cultivation, and tending to the immediate annoyance of the citi-

zens in general, and working hurt, damage, and inconven-
ience to the plaintiff. The errors complained of here are
that the court erred in deciding that the justices had juris-
diction to abate the alleged nuisance under the 4094th sec-
tion of the Code, in dismissing the *certiorari*, and holding
that the evidence before the justices made out a case of nui-
sance against the defendant.

1, 2. The 3000th section of the Code declares, that " a
nuisance is anything that worketh hurt, inconvenience, or
damage to another; and the fact that the act done may
otherwise be lawful, does not keep it from being a nuisance."
It appears from the evidence in the record, that the plaintiff
and others (who are colored people) purchased their lands at
Port Royal, which were suitable for the cultivation of rice,
before the defendant erected the dam complained of; that
before its erection, the back-water did not injure their land,
but now it affects all of them. In view of the evidence con-
tained in the record, the justices of the peace had jurisdic-
tion to abate the nuisance complained of upon the verdict of
twelve freeholders of the county as provided by the 4094th
section of the Code. Whether the erection of the dam by
the defendant did work hurt, inconvenience, or damage to
the plaintiff and the other land-owners at Port Royal, by
causing the water to flow back upon their land, was a ques-
tion for the jury under the evidence, as well as the effect
produced by the plaintiff's clearing out the canal or water
course before the dam was built. There is sufficient evi-
dence in the record to sustain the verdict of the jury, there-
fore there was no error in dismissing the *certiorari*.

Let the judgment of the court below be affirmed.